# LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Hazel H. Johnson, formerly
Hazel H. Dillard

v.

William B. Dillard, Jr.

September 21, 1970

By JUDGE A. CHRISTIAN COMPTON

This divorce suit is before the Court upon the Rule entered on August 30, 1970, requiring the defendant to show cause why he should not be held in contempt of this court for his alleged failure to pay support money pursuant to an order entered herein on October 19, 1966. In addition, the plaintiff has filed a petition wherein she also asks the court to increase the amount of child support presently provided by the sum of $50.00 per week.

At the hearing held on September 2, 1970, the evidence showed that the son of the parties, William Thomas Dillard, attained the age of twenty-one on June 23, 1970, (the petition shows this date to be July 24, 1970) and that he is completely incapacitated as a result of an automobile accident occurring in 1966. Because of his physical condition, the young man is now confined to a nursing home. His mother, the plaintiff here, has qualified and has been acting as his legal guardian. The guardian account was established in March of 1968 with an initial deposit of about $22,000.00, which was the net amount received from the settlement of his personal injury claim; however, the balance now is less than $8,000.00. In addition, the son has inherited a 1/6 interest in 75 acres of real estate located in Louisa County having a total current

value of approximately $67,500.00. Other funds have come to the mother by gifts from friends and from her church and the balance of this amount, which is also being used to maintain the boy, is about $2,200.00. This amount includes sums received from the defendant as support payments, which support payments were terminated by Mr. Dillard on the day that the boy reached the age of 21 years.

The evidence further showed that while the order of this court of October 19, 1966, provided that the defendant should pay $40.00 per week for support of two children at the rate of $20.00 per week per child, the parties agreed, following the marriage of the older child, that the defendant's payments would be reduced and that the defendant would pay $20.00 per week for the support of Thomas Dillard.

The main thrust of the plaintiff's claim at this time is not related to any finding of contempt as to the defendant, but it is her request that the defendant be required to continue his support at a larger amount for his adult incapacitated child. The plaintiff, citing authorities, urges that it is within the discretion of this court as to whether or not it will order the defendant to support his adult son under these circumstances.

The defendant, while recognizing the general rule that the father has a legal duty to support an adult incapacitated child, takes the position that such duty does not exist when the child has an estate of his own from which he can be supported. The defendant argues that, at this time, there are sufficient funds available in the guardian's account to continue to maintain the son in his present condition at his present location. The plaintiff responds to this argument by saying that the court should, at this time, order the defendant to pay this increased amount because when the child's estate is exhausted as the result of expenses exceeding income and principal, the defendant may find himself "conveniently insolvent."

Virginia follows the general rule to the effect that it is the duty of the father to support his child of "whatever age who is crippled or otherwise incapacitated from earning a living the . . . child . . . being then and there in necessitous circumstances, . . ." Code § 20-61; 39 Am. Jur., Parent and Child, § 69; Anno. 1 A.L.R.2d 910. But the law is equally clear that a divorce court cannot make an order for the support of an adult child, even though the child is incapacitated. 24 Am. Jur. 2d, Divorce and Separation, § 832, page 943. The reasoning behind such a rule is that the divorce court's control over the child, or its care, terminates with his attainment of majority. Anno. 162 A.L.R. 1084, 1090-1091. Code § 20-107 makes it abundantly clear that such rule is the law in Virginia and that this court has no power to make any order in the divorce suit concerning the maintenance of an adult child because it states in part that "Upon decreeing the dissolution of a marriage, and also upon decreeing a divorce, whether from the bond of matrimony or from bed and board, . . . the court may make such further decree as it shall deem expedient concerning the estate and the maintenance of the parties, or either of them, and the care, custody and maintenance of their minor children . . . ." (Emphasis added) This is not to say, of course, that this court does not have jurisdiction to consider such question in an appropriate proceeding separate and apart from this divorce suit.

In view of what has been said above, the court therefore dismisses the Rule directed to the defendant and dismisses the plaintiff's petition for an increase upon the ground that the court is without authority in this divorce suit to make any adjudication regarding the support and maintenance of the adult child.

In view of what has been said above, the court does not reach for decision the question of whether the father has a duty to support an incapacitated adult child who has sufficient funds in his estate to pay for his maintenance or whether that duty of the father only arises at such time as the child becomes in "necessitous circumstances," in the words of the

Virginia statute, or until there is a necessity for support. But see 67 C.J.S., Parent and Child, § 17, page 704; 39 Am. Jur., Parent and Child, § 69, page 710, ftn. 11; 121 A.L.R. 183, ftn. 18. See also Watts v. Watts, 104 Va. 269, 276 (1905), and cases cited therein.

Enclosed you will find a copy of the order entered today dismissing the plaintiff's petition and the Rule aforesaid.